IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ETIX, INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> AFTER DARK ENTERTAINMENT, INC., <br> a New York corporation, <br> 630 Elmwood Avenue <br> Buffalo, New York 14222 <br><br> Serve: <br> After Dark Entertainment, Inc. <br> 630 Elmwood Avenue <br> Buffalo, New York 14222 <br><br> Defendant. | Civil Action No.: 5:20-cv-00214 |

## COMPLAINT

Etix, Inc. ("Etix"), by counsel, states as follows for its Complaint against After Dark Entertainment, Inc. ("After Dark"):

1. Etix is a Delaware Corporation with its principal place of business in Morrisville, North Carolina.

2. After Dark is a New York Corporation with its principal place of business in Buffalo, New York.

3. Etix is a web-based ticketing service provider for those involved in the entertainment, travel, and sports industries.

4. After Dark promotes and produces live concerts and events ("Events" or "Event") in Buffalo, Rochester, and Syracuse, New York.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over After Dark pursuant to the North Carolina Long-Arm Statute, N.C. Gen. Stat. § 1-75.4, because the cause of action in this Complaint arises from After Dark's promise to pay for services to be performed in North Carolina by Etix and arises out of services actually performed for After Dark by Etix within North Carolina.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because After Dark is subject to personal jurisdiction in the State of North Carolina. Venue is also proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Etix's claim occurred in the Eastern District of North Carolina.

## BACKGROUND

### A. The Ticketing Services Agreement

8. On or about June 8, 2018, Etix and After Dark (collectively, the "Parties") entered into a Ticketing Services Agreement (the "Agreement").[1] Pursuant to the Agreement, After Dark granted Etix the exclusive right and authority to sell, on After Dark's behalf, all tickets to Events produced or presented by After Dark.

9. The Agreement has an initial five-year term and automatically renews for three-year terms unless either party provides the other with written notice of intent not to renew more than 30 days before the end of the term.

---

[1] After Dark has a copy of the Agreement in its possession, custody, and control; therefore, attaching the Agreement to the Complaint as an exhibit is not required in order for After Dark to frame a responsive pleading.

10. In accordance with the Agreement, Etix paid After Dark a signing bonus (the "Signing Bonus"). However, After Dark must sell 225,000 tickets (45,000 tickets per year) to retain the Signing Bonus. If After Dark fails to sell 225,000 tickets by the end of the initial five-year term, After Dark owes Etix a certain amount per ticket that it failed to sell up to the 225,000 ticket threshold.

11. Also, in accordance with the Agreement, Etix loaned After Dark an advance, to be repaid over the term of the Agreement on a per-ticket basis (the "Loan"). The Agreement requires After Dark to repay the Loan through a royalty per ticket until repaid.

12. As compensation for Etix's services, After Dark agreed to pay Etix $3.00 per ticket sold for internet, package, and group sales, and $.50 per ticket for box office ticket sales. After Dark authorized Etix to collect a 3% Bank Charge Card Fee for tickets sold through internet sales, box office and pull tickets, and phone center sales.

13. Pursuant to the Agreement, Etix withholds all fees owed from receipts from ticket sales for After Dark Events. Etix then remits the remainder to After Dark on a weekly "transactional" basis. This means that Etix sends funds to After Dark the week after money is received and processed, regardless of when the Event is scheduled to occur. In a given week, After Dark could receive the proceeds of ticket sales for Events scheduled that same week as well as for Events scheduled several months in the future.

14. Under the Agreement, Etix remits all funds processed through its merchant account in connection with the sale of tickets for Events, less any applicable fees or royalties due Etix and taxes (the "Total Receipts") for all sales occurring the previous Monday through Sunday to After Dark between Monday and Wednesday the following week.

15. In the Agreement, Etix agreed to adhere to the After Dark's refund policy. Specifically, if an Event is cancelled, Etix processes refunds for the Event for 30 days after receiving notice of the cancellation. After 30 days, Etix remits any remaining amounts it is still holding from the Total Receipts for the canceled Event to After Dark, who is then solely responsible for processing any remaining refunds.

16. Nothing in the Agreement requires Etix to fund refunds when the funds to be refunded have been transferred to After Dark by Etix pursuant to the transactional settlements described in paragraph 13 above. Such funds must be returned to Etix to fund the refund which Etix will then process.

17. Pursuant to the Agreement, Etix sells tickets to After Dark customers on After Dark's behalf, and processes refunds for those tickets when requested by After Dark, but it cannot process such requested refunds without the return to it of the funds it has already transferred to After Dark, which After Dark is now requesting be refunded.

18. Pursuant to the Agreement, following After Dark's instruction to Etix to process a refund, Etix will attempt to do so for 30 days, after such period Etix transfers to After Dark any remaining unrefunded Total Receipts held by Etix from the cancelled show and After Dark assumes the obligation to process the remaining refunds thereafter. After Dark is obligated to indemnify Etix for any loss, liability, cost or expense arising from refund claims made after such 30-day period.

B.  **After Dark's Breach of the Agreement**

19. Beginning in early March and continuing to the present, After Dark has cancelled or postponed at least fourteen (14) Events due to the COVID-19 pandemic. After Dark is not currently selling tickets for any Event set to occur before July 2020.

20. After Dark is in receipt of $429,000 in Total Receipts for Events that were scheduled in mid-March and after but that have been cancelled or are likely to be cancelled.

21. After Dark has instructed Etix to process refunds to ticket buyers for cancelled Events, but refuses to return that portion of the $429,000 in Total Receipts which is currently subject to a duty to refund pursuant to After Dark's policies (the "Refund Amount") and which it has instructed Etix to refund.

22. Etix has repeatedly requested that After Dark return the Refund Amount so that it can process refunds accordingly, but After Dark has refused.

23. Etix has already sent After Dark the Total Receipts for the Events to be refunded, and there is no circumstance in which Etix would be required to fund, with Etix's funds, After Dark's refunds. Refunds are funded by the entity holding the money paid for the now-cancelled Events. Here, that entity is After Dark, who is wrongfully withholding the funds.

24. On April 24, 2020, After Dark accused Etix of defaulting under the Agreement and threatened to terminate the Agreement.

25. Upon information and belief, and in addition to wrongfully retaining the Refund Amount, After Dark hopes to terminate the Agreement and escape its obligations to (a) sell 225,000 tickets over five years or pay Etix a certain amount per ticket that it failed to sell short of that threshold, and (b) repay the Loan.

## COUNT I – BREACH OF CONTRACT

26. Etix incorporates by reference the allegations contained in paragraphs 1-25 of the Complaint.

27. Etix has fully performed its obligations under the Agreement.

28. After Dark has breached the Agreement by instructing Etix to process refunds, but failing to provide Etix the funds After Dark Holds that are the funds to be refunded.

29. After Dark has breached the Agreement by refusing to return the Refund Amount. Etix is entitled to the Refund Amount before processing the refunds. In essence, After Dark is retaining money for Events that will not occur. Nothing in the Agreement gives After Dark the right to retain Total Receipts for Events that are cancelled. Further, nothing in the Agreement gives After Dark the right to demand that Etix front or gift After Dark the funds to refund After Dark's customers.

30. As a result of After Dark's breach of the Agreement, Etix has suffered damages of no less than the Refund Amount and will suffer additional damages in the future in an amount to be proven at trial, including, but not limited to, any amount to which it is entitled pursuant to the Signing Bonus provision and any amount of the Loan After Dark has failed to repay. Those damages exceed $75,000.

## COUNT II – UNJUST ENRICHMENT
**(Funds Required to Process Refunds)**

31. Etix incorporates by reference the allegations contained in paragraphs 1-30 of the Complaint.

32. After Dark has been unjustly enriched at Etix's expense by retaining the Refund Amount, which is required to refund After Dark's customers for Events After Dark has cancelled.

33. A measurable benefit was conferred on After Dark by Etix when Etix remitted the Refund Amount to After Dark.

34. After Dark consciously accepted and is now consciously retaining and withholding that benefit.

6

35. Etix did not confer the Refund Amount to After Dark officiously or gratuitously, and requires the Refund Amount to process the refunds After Dark has instructed Etix to process, and After Dark's customers have requested be refunded.

36. It would be inequitable for After Dark to retain the Refund Amount, representing payments for Events After Dark committed to offer to its ticket buyers, which shows have now been cancelled by After Dark and which funds are required to process refunds because After Dark, not Etix, is required to fund refunds, and After Dark, not Etix, is in possession of the funds that would accomplish the refunds.

37. After Dark has therefore been unjustly enriched and is liable to Etix for at least the Refund Amount, which exceeds $75,000.

## COUNT III – UNJUST ENRICHMENT
### (Signing Bonus)

38. Etix incorporates by reference the allegations contained in paragraphs 1-37 of the Complaint.

39. After Dark has been unjustly enriched at Etix's expense by retaining the Signing Bonus.

40. Etix conferred a measurable benefit on After Dark by paying After Dark the Signing Bonus, with the expectation that the Signing Bonus would be recouped by Etix over time by ticket sales of at least 225,000 in five years or payment of a certain amount per ticket After Dark failed to sell up to the 225,000 threshold.

41. After Dark consciously accepted that benefit.

42. Etix did not confer the Signing Bonus officiously or gratuitously, and expected to recoup the investment of the Signing Bonus over time per the terms of the Agreement.

43. It would be inequitable for After Dark to retain the Signing Bonus without having sold the required 225,000 tickets or paid Etix in accordance with the Agreement for any failure to do so.

44. After Dark has therefore been unjustly enriched and is liable to Etix in an amount equivalent to the value of the benefit conferred on After Dark through the payment of the Signing Bonus.

## COUNT IV – UNJUST ENRICHMENT
### (Loan)

45. Etix incorporates by reference the allegations contained in paragraphs 1-44 of the Complaint.

46. After Dark has been unjustly enriched at Etix's expense by retaining the outstanding amount of the Loan.

47. Etix conferred a measurable benefit on After Dark by paying After Dark an advance to be repaid on a per ticket basis.

48. After Dark consciously accepted that benefit.

49. Etix did not confer the Loan to After Dark officiously or gratuitously, and expected the Loan would be repaid in full.

50. It would be inequitable for After Dark to retain the outstanding amount of the Loan.

51. After Dark has therefore been unjustly enriched and is liable to Etix for the outstanding amount of the Loan.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and claims so triable.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Etix, Inc. requests the following relief:

A. Judgment for Plaintiff in the amount of the Refund Amount, withheld by After Dark to be paid to the ticket buyers by Etix, pursuant to section 6.C. of the Agreement;

B. Judgment for Plaintiff awarding Plaintiff its full damages incurred as a result of Defendant's inequitable conduct in wrongfully withholding and retaining the Signing Bonus, in an amount to be determined at trial;

C. Judgment for Plaintiff awarding Plaintiff its full damages incurred as a result of Defendant's inequitable conduct in wrongfully withholding, retaining, and failing to repay the Loan, in an amount to be determined at trial;

D. An award of pre- and post-judgment interest to the extent allowable by law;

E. An award of Plaintiff's costs to the extent allowable by law; and

F. Entry of an Order for any further relief as the Court may deem just and proper.

Respectfully submitted, this 21st day of May, 2020.

                                              ETIX, INC.


                                      By: /s/ Brendan D. O'Toole
                                              Of Counsel

Lauren E. Fussell (NCSB # 49215)
lfussell@williamsmullen.com
WILLIAMS MULLEN
A Professional Corporation
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Phone: (919) 981-4000
Fax: (919) 981-4300
*Local Civil Rule 83.1(d) Counsel for Etix, Inc.*

Brendan D. O'Toole, Esq. (VSB #71329)
botoole@williamsmullen.com
(by special appearance)
Meredith M. Haynes, Esq. (VSB #80163)
mhaynes@williamsmullen.com
(special appearance notice forthcoming)
WILLIAMS MULLEN
A Professional Corporation
200 South 10th Street
P. O. Box 1320
Richmond, VA  23218-1320
Phone: (804) 420-6000
Fax:    (804) 420-6507
*Counsel for Etix, Inc.*

42551354_7