IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-214-BO

| | | |
|---|---|---|
| ETIX, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| AFTER DARK ENTERTAINMENT, INC., | ) | |
| Defendant. | ) | |

This cause is before the Court on defendant's motion for partial judgment on the pleadings. [DE 18]. For the reasons that follow, this motion is denied.

## BACKGROUND

Plaintiff Etix, Inc. is a web-based ticketing service provider for companies involved in the entertainment and other industries, while defendant After Dark Entertainment, Inc. promotes and produces live concerts and events. Compl. ¶ 3–4. The parties entered into a Ticketing Services Agreement (agreement), under which defendant granted plaintiff the exclusive right and authority to sell all tickets to events produced or presented by defendant on defendant's behalf. *Id.* ¶ 8. Pursuant to the agreement, plaintiff withholds fees owned from the ticket sales and sends the remaining funds to defendant the week after money is received and processed, regardless of when the event is scheduled to occur. *Id.* ¶ 13.

Also under the agreement, plaintiff paid defendant a signing bonus and an advance. *Id.* ¶¶ 10–11. The advance was to be repaid over the five-year term of the agreement on a per-ticket basis. *Id.* ¶¶ 9, 11. In order to retain the signing bonus, defendant was required to sell 225,000 during the initial term. *Id.* ¶ 10. If defendant failed to meet the 225,000-ticket threshold, defendant owed plaintiff a certain amount per ticket that it failed to sell up to that number. *Id.*

In the case of a cancelled event, plaintiff agreed in the agreement to adhere to defendant's refund policy and to make refunds for the event for thirty days after receiving notice of the event's cancellation. *Id.* ¶ 15. Specifically, the agreement states: "If the attraction is cancelled, Etix agrees to make refunds for tickets (less Etix' convenience fee) purchased through the System and processed by Etix' merchant account for a period of 30 days after being notified of cancellation." [DE 10-1, § 6.C]. In spring and summer of 2020, attractions promoted by defendant were cancelled due to the COVID-19 pandemic. Answer ¶ 53–54. At least fourteen events were affected, and defendant has $429,000 in total receipts for these events. Compl. ¶¶ 19–20. Plaintiff has not issued refunds for the events. Answer ¶ 55.

In May 2020, plaintiff filed a complaint against defendant bringing a breach of contract claim and three unjust enrichment claims for the funds required to process refunds, signing bonus, and loan. [DE 1]. In July 2020, defendant answered the complaint and brought a counterclaim against plaintiff. [DE 10]. The counterclaim seeks declaratory judgment and injunctive relief and brings a claim for breach of contract. *Id.* In August 2020, defendant brought the instant motion for judgment on the pleadings seeking judgment on the breach of contract claim and dismissal of plaintiff's unjust enrichment claims. [DE 18].

## DISCUSSION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[F]or purposes of 12(c), 'the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed.'" *Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 436 (5th Cir. 2019) (quoting 5C Charles Alan Wright et al., Federal Practice and Procedure § 1367 (3d ed. Apr. 2019 Update)); *see also Burbach Broad. Co. of Delaware v.*

2

*Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002) (pleadings closed after answer filed). In this case, defendant filed an answer and counterclaimed, and plaintiff has answered the counterclaim. Accordingly, the pleadings are closed, and defendant's motion is timely. The Court reviews the Rule 12(c) motion under the same standard as a motion to dismiss pursuant to Rule 12(b)(6)—assuming the facts in the complaint as true and drawing all reasonable inferences in plaintiff's favor. *Burbach Broad*, 278 F.3d at 406.

First, defendant alleges in its breach of contract claim that the agreement explicitly states that if an attraction is cancelled, "Etix agrees to make refunds for tickets . . . for a period of 30 days after being notified of the cancellation," and that plaintiff's failure to pay refunds to customers for events cancelled by COVID-19 is a breach of the plain terms of the agreement. Plaintiff argues that defendant should pay the refunds to customers because defendant is the party with the refund money. In order to assess the motion, this Court looks to the contract itself and the intentions of the parties. "The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Gould Morris Elec. Co. v. Atlantis Fire Ins. Co.*, 229 N.C. 518, 520 (1948). In particular, the Court looks at what the parties meant by "make refunds for tickets. "It must be presumed the parties intended what the language used clearly expresses and the contract must be construed to mean what on its face it purports to mean. *Hartford Acc. & Indem. Co. v. Hood*, 226 N.C. 706, 710 (1946).

Here, the agreement does not support defendant's argument that the agreement requires plaintiff to pay refunds to customers. The refund provision in the agreement uses the language "make refunds," which stand in stark contrast to the numerous times where the agreement requires that one party "pay" or provide a "payment" to the other. For example, the agreement provides

3

that plaintiff "will pay" defendant a signing bonus and advance, that defendant will "pa[y] back" plaintiff's advance through royalty charges per ticket, and that plaintiff will send defendant a "payment" equal to the money it received for the ticket less the fees and taxes plaintiff is entitled to retain. [DE 10-1]. The parties did not state in the refund provision that plaintiff would "pay refunds," but rather states that plaintiff would "make refunds." This Court finds that the parties did not intend for plaintiff to pay for any refunds out of its own pocket. In fact, to read the contract in such a way as to allow defendant to retain customers' money for the cancelled events while requiring plaintiff to refund the customers' tickets would be an unreasonable interpretation. The Court seeks to avoid such an unjust result. *See Green v. Black*, 840 S.E.2d 900, 906 (N.C. Ct. App. 2020) ("All instruments should receive a sensible and reasonable construction, and not such a one as will lead to absurd consequences or unjust results."). The language of the agreement is clear in this case, and it is therefore unnecessary to look beyond the contractual language. *See Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C.*, 362 N.C. 269, 273 (2008) ("A contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law.") In conclusion, there is nothing in the agreement that allows defendant to retain the receipts on the tickets for the cancelled events while insisting that plaintiff refund its customers, and the motion for judgment on the pleadings as to the defendant's breach of contract counterclaim is denied.

Second, the defendant asks the Court to dismiss plaintiff's unjust enrichment claims. Defendant argues that it is entitled to keep the signing bonus that it received under the agreement and the funds it received for the cancelled events, and that the existence of an agreement between the parties bars plaintiff's unjust enrichment claims. Existence of an express contract will not always bar a claim for unjust enrichment, and an unjust enrichment claim is more likely to be successful where a party seeks payment for services proved that gave an actual benefit to the other

4

party. *Triad Packaging, Inc. v. SupplyONE, Inc.*, 925 F. Supp. 2d 277, 278 (W.D.N.C. 2013), *aff'd*, 597 F. App'x 634 (4th Cir. 2015). Here, plaintiff provided an actual benefit to defendant by providing an advance and the receipts of sales. The Court finds that plaintiff's unjust enrichment claims are properly alleged and survive defendant's motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 18] is DENIED. The matter may proceed in its entirety.

SO ORDERED, this 22 day of October, 2020.

Terrence Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE